UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARY A. JONES, | Case No. 2:24-cv-01914-CDS-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| JHONE EBERT, NEVADA DEPARTMENT OF EDUCATION, AL, | |
| Defendants. | |

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Complaint alleging age discrimination under 26 U.S.C. § 621 *et seq*. ECF Nos. 1, 1-1. Plaintiff's IFP application is granted. The Court screens Plaintiff's Complaint under 28 U.S.C. § 1915(a)(2).

**I.     Screening the Complaint**

Upon granting Plaintiff's IFP application the Court must screen her Complaint under 28 U.S.C. § 1915(e)(2). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In making this determination, the Court takes as true all allegations of material fact stated in the complaint and construes these facts in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.    Plaintiff's Age Discrimination Claim**

To pursue a claim in federal court under the Age Discrimination in Employment Act ("ADEA"), a plaintiff must comply with the administrative exhaustion requirements of 29 U.S.C. § 626. As is true in Title VII cases, "substantial compliance with the exhaustion requirement is a jurisdictional pre-requisite ... [and t]he jurisdictional scope of the plaintiff's court action depends on the scope of the EEOC charge and investigation." *Leong. v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003). "Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005).

Here, the Court finds that Plaintiff received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission on July 17, 2024. ECF No. 1-1 at 5. Plaintiff filed her Complaint on October 15, 2024, less than 90 days thereafter. Thus, the Complaint is timely. 42 U.S.C. § 2000e–5(f)(1); 29 U.S.C. § 626(e). However, Plaintiff fails to attach her Charge of

Discrimination and, therefore, the Court does not know who Plaintiff named as a respondent. This precludes the Court from knowing whether Plaintiff exhausted her administrative claims against any defendant named in her Complaint.

Moreover, no individual identified in Plaintiff's Complaint can he held liable for a violation of the ADEA. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (holding that individuals are not liable in their individual capacities under the ADEA); *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982). Further, the ADEA does not abrogate state sovereign immunity making the State of Nevada immune from lawsuits under the ADEA. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000). This immunity also shields "arms" of the state such as Nevada Department of Education. *Ginter v. State Bar of Nevada*, 625 F.2d 829, 830 (9th Cir. 1980).

Finally, claims alleging a failure to hire based on age must allege sufficient facts to state a plausible cause of action. *Iqbal*, 556 U.S. at 678 (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face") (citation and internal quotation marks omitted). Here, Plaintiff states she is 70 years old while the average age of substitute teachers in America is 42. ECF No. 1-1 at 2. Plaintiff then tells a tale that appears to involve proof of a name change, not a denial of a license having anything to do with age. *Id*. Plaintiff attaches a declaration in an unrelated case to her filing that the Court ignores. *See* ECF No. 1-1 at 6-8. And, Plaintiff asserts an allegation against Kelly Education Services; however, it is unclear why this is included in a claim against the Nevada Department of Education.

All told, Plaintiff fails to allege an ADEA claim against a defendant who is not immune from suit and was named in her Charge of Discrimination. Plaintiff also fails to plead facts tying her age to an adverse employment action. Thus, Plaintiff fails to plead a claim on which she can presently proceed.

**III.   Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is dismissed without prejudice and with leave to amend. If Plaintiff chooses to file an amended complaint, the document

must be titled "Amended Complaint."  The amended complaint must contain facts establishing who was named in Plaintiff's Charge of Discrimination (Plaintiff may attach the Charge if she so chooses) and contain short and plain statements of fact establishing the acts or failure to act by the Defendants that demonstrate a violation of the ADEA.

Additionally, Plaintiff is advised that if she files an amended complaint, the original Complaint (ECF No. 1-1) no longer serves any function in this case.  As such, the amended complaint must be complete in and of itself without reference to prior pleadings or other documents.  The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

IT IS FURTHER ORDERED that Plaintiff **must** file her amended complaint no later than **November 20, 2024**.  Failure to timely comply with this Order may result in a recommendation to dismiss this action in its entirety.

Dated this 25th day of October, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE