UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Mary A. Jones, | Case No. 2:24-cv-01914-CDS-EJY |
| Plaintiff | **Order Dismissing and Closing Case** |
| v. | |
| Jhone Ebert, et al., | |
| Defendants | |

On January 7, 2025, I adopted United States Magistrate Judge Elayna J. Youchah's report and recommendation, thereby dismissing plaintiff Mary Jones's claims and ordered her to show cause why this case should not be dismissed for her failure to file a second amended complaint. Order, ECF No. 6. Jones was warned that failure to respond by January 24, 2025, would result in this case being dismissed without further notice. *Id.* at 2. The deadline has passed, and Jones has filed nothing. Consequently, I kindly instruct the Clerk of Court to close this case.

I. Discussion

"If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action." *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) (citing *Yourish v. Ca. Amplifier*, 191 F.3d 983, 991–92 (9th Cir. 1999). Rule 41(b) of the Federal Rules of Civil Procedure provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Yet the court may act on its own accord in exercising this authority. *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (interpreting the rule to permit courts to dismiss actions sua sponte for a plaintiff's failure to comply with the court's orders).

The Ninth Circuit has instructed courts to consider the following factors in determining whether to dismiss an action for failure to comply with the court's order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Yourish*, 191 F.3d at 992 (affirming dismissal for failure to timely file an amended complaint, applying the five factors).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 990. In cases like the one at hand, where a case is delayed by a party's failure to comply with deadlines, the case cannot move forward toward resolution on the merits. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). For that reason, "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Here, Jones has delayed further adjudication of the claims by failing to timely amend her complaint. There is currently no operative complaint on file, and it is Jones's responsibility to move this action forward; but it cannot proceed without Jones's compliance, and it cannot simply remain idle on the court's docket, unprosecuted.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal. While the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal, "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 400–01 (9th Cir. 1998)). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.* at 753. Here, Jones has not provided an explanation, non-frivolous or otherwise, for her failure to file a second amended complaint.

The fourth factor, the public policy favoring disposition of cases on their merits, always weighs against dismissal. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re PPA*, 460 F.3d at 1228. Judge Youchah gave Jones leave to amend her complaint to add facts supporting some of her claims, which Jones did not do. Without an operative complaint, the claims cannot be decided on the merits, therefore I find that the fourth factor is greatly outweighed by the factors in favor of dismissal.

The fifth factor, the availability of less drastic sanctions, also weighs in favor of dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). A court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Jones was provided adequate warning that dismissal would result from noncompliance with the court's orders. *See, e.g.*, ECF No. 5 at 2; ECF No. 6 at 2. Jones's decision not to amend, made in the face of several warnings of the consequences, leaves the court with two alternatives: dismiss the action or leave it pending indefinitely without an operative complaint. There is thus no lesser alternative, so the fifth factor favors dismissal.

## II.     Conclusion

Finding that four of the five factors weigh heavily in favor of dismissal, I hereby DISMISS this action without prejudice under Rule 41(b). The Clerk of Court is kindly directed to enter judgment accordingly and to close this case.

Dated: January 29, 2025

_____
Cristina D. Silva
United States District Judge